**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES BILLOPS, SR., § | | |
| individually and as Heir and/or § | | |
| Representative of the Estate of § | | |
| Charles Billops, Jr., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-0530 |
| § | | |
| SANDRA SANDOVAL, P.A.C., *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

This case arises from the 2003 death of Charles Billops, Jr. ("Billops") while in the custody of the Texas Department of Criminal Justice ("TDCJ"). Plaintiff Charles Billops, Sr., individually and as the representative of the estate of Billops ("Plaintiff"), filed a civil rights complaint under Title 42 U.S.C. § 1983 ("§ 1983") alleging prison officials were deliberately indifferent to Billops' serious medical condition.[1] Pending before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. # 67] ("Motion for Leave"), to which Defendants have filed objections.[2] The matter is ripe for disposition.

---

[1] Plaintiff has sued various health care professionals employed by the University of Texas Medical Branch ("UTMB") in their individual capacities. Defendants are Sung Lee, Bruce Smith, Alma Davis, Evelyn Skutka, Barbara Vance, Julia Vela, Michelle LaStrapes, and Sandra Sandoval. *See* Second Amended Complaint [Doc. # 60], at 1.

[2] Defendants' Objections to Plaintiff's Motion for Leave [Doc. # 73]. Also filed are Plaintiff's Brief in Support of Motion for Leave [Doc. # 72], Plaintiff's Supplemental Brief in Support of Motion for Leave [Doc. # 81], and Defendant's Supplemental Response to Motion for Leave [Doc. # 83].

Having considered the parties' submissions, the applicable legal authorities, and all matters of record, the Court concludes Plaintiff's Motion for Leave should be **granted.**

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The factual allegations in this lawsuit were set forth in the Memorandum and Order issued on November 23, 2005 [Doc. # 68], and will not be restated here. Briefly, Billops was arrested for breaking into a home and stealing a video game system in September 2002. Pursuant to a plea agreement, Billops pled guilty and was sentenced to two years imprisonment. In January 2003, Billops began serving his sentence in TDCJ's Clemons Unit in Brazoria, Texas. During Billops' incarceration, UTMB employed Defendants who were responsible for providing medical services to the inmates housed in the Clemons Unit.

On March 7, 2003, Billops complained to Defendants of a sore throat and a runny nose. Billops was diagnosed with a sinus infection and treated with antibiotics. Despite continuing treatment from Defendants, Billops' condition deteriorated in March and April 2003. He lost fifty-two pounds during those two months. On April 30, 2003, Billops was escorted to the prison medical department for lab work. Billops was unable to stand. An ambulance transported him to UTMB's emergency room, where he died later that day. An autopsy indicated Billops died from an intra cerebral abscess caused by bacterial sinusitis.

On February 17, 2005, Plaintiff filed his Original Complaint [Doc. # 1] against eleven named individuals, plus John and Jane Doe doctors and jailers, alleging Defendants were deliberately indifferent to Billops' serious medical condition in violation of § 1983.

On May 6, 2005, the Court held a conference in this case under Federal Rule of Civil Procedure 16. At the conference, the parties, through counsel, signed a Docket Control Order creating a September 2, 2005 deadline for amending pleadings [Doc. # 32]. Plaintiff timely filed his Second Amended Complaint on September 2, 2005 [Doc. # 60], raising only a § 1983 claim at that time.

Plaintiff's Motion for Leave was filed on November 23, 2005, more than two and a half months past the amendment deadline. Plaintiff seeks leave to file a Third Amended Complaint in order to abandon all claims against two of the remaining named Defendants[3] and to add a state law claim for medical malpractice against each of the remaining Defendants.

## II.    ANALYSIS

Plaintiff first contends that Federal Rule of Civil Procedure 15(a) should control the propriety of his Motion for Leave. Rule 15(a) "evinces a bias in favor of granting leave to amend."[4]  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted).

---

[3] Plaintiff's Third Amended Complaint is attached as an unmarked exhibit to the Motion for Leave. In the proposed amended pleading, Plaintiff also abandons all his claims against Michelle LaStrapes and Barbara Vance. Plaintiff previously dismissed his claims against Defendants S. Salinas and Israel Alvarez.

[4] However, under Federal Rule 15(a), leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139.

Plaintiff's arguments do not address the governing issue which is the effect of Federal Rule of Civil Procedure 16(b). Rule 16(b) grants the Court case management authority and governs discovery, motions and trial scheduling. The Fifth Circuit has held that Rule 16(b) guides the Court's decision on whether to grant a party leave to amend pleadings after the time designated in the scheduling order. "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enterprises, L.L.C., v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))).

Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises*, 315 F.3d at 536. In deciding whether to modify the scheduling order, the Fifth Circuit set out four factors to be considered: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Tel. Co.*, 346 F.3d at 546 (internal quotation omitted). The Court is granted "broad discretion" in determining whether good causes exists under these factors. *Id.* at 547 (quoting *S&W Enterprises*, 315 F.3d at 536).

Plaintiff filed the Motion for Leave after the deadline to amend pleadings had passed. Accordingly, the more stringent standard of Federal Rule 16(b) applies and Plaintiff must demonstrate "good cause" in order to merit leave here. *S&W Enterprises*, 315 F.3d at 536. Plaintiff asserts that good cause exists to permit him to file amended pleadings past the deadline. The Court turns to an analysis of each of the four factors.

***Explanation for Failure to Timely Seek Amendment***.— Plaintiff asserts various circumstances led to his failure to timely move for leave to amend to add the medical malpractice claims and argues that these reasons collectively constitute good cause. The crux of Plaintiff's explanation is that an unexpected delay in securing expert review of this new claim against the various Defendants.

Specifically, Plaintiff contends that he engaged an attorney only months before the statute of limitations expired on his claims and that after filing suit on February 17, 2005, he devoted most of his resources to preparing for a mediation on June 17, 2005.[5] When Defendants cancelled the mediation, Plaintiff began discovery in earnest. During July 2005, Plaintiff took the depositions of various Defendants and witnesses. With this testimony in hand, Plaintiff engaged an expert on July 26, 2005. Plaintiff asserts that, because of the voluminous information in this case, his expert's review took more time than anticipated. Plaintiff received the expert's report on August 22, 2005. In essence, apparently the expert could not complete his review of the potential claims against all the Defendants before the

---

[5] The Court notes that foregoing trial preparation in expectation of a settlement is imprudent and does not serve as good cause for Plaintiff's failure to timely amend his pleadings.

pleading amendment deadline. Plaintiff's counsel states he began preparing the Third Amended Complaint as soon as he received the report. Counsel points out he requested leave to amend on October 12, 2005 in his response [Doc. # 64] to Defendants' Motion to Dismiss, thus putting Defendants on notice of his intention to add medical malpractice claims. However, this argument is hollow as Plaintiff's counsel made no mention of adding any new claims in that response. Plaintiff's counsel did not file a formal Motion for Leave regarding the Third Amended Complaint until November 23, 2005. Plaintiff's counsel does not explain why he did not include state law claim for medical malpractice in his Second Amended Complaint that was timely filed ten days *after* Plaintiff's expert report was delivered.[6] Defendants contend, and Plaintiff does not dispute, that the parties did not conduct any discovery during the interim period between the pleading deadline and the Motion for Leave.

Plaintiff appears to urge that he learned new facts during discovery which suggested a previously unknown state law medical malpractice claim. He gives no detail, however, and the third amendment appears to be based on evidence and expert reports available before the September 2 pleading deadline. While the Court recognizes that medical malpractice claims require detailed investigation and pre-pleading analysis, Plaintiff has not cited any facts that were unavailable before the amendment deadline to explain his failure to assert any medical

---

[6] Plaintiff should more properly have sought an extension of the September 2 amendment deadline prior to September 2.

malpractice claims in some way by that deadline.[7] Plaintiff's explanation for the delay in recognizing the state law causes of action based on information learned during discovery is weak. This Rule 16(b) factor weighs against granting leave to amend.

***The Importance of the Amendment***.— The amendment is important to Plaintiff as it potentially permits him to recover damages under a lesser standard of proof than required under § 1983. *See, e.g., Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not"). If Plaintiff's amendment is not permitted, he has no remedy unless he establishes Defendants were deliberately indifferent to Billops' serious medical needs. The proposed amendment is clearly important to Plaintiff.

Defendants argue that Plaintiff's state law claim is not important because it is time-barred under the medical malpractice statute of limitations found in Texas Civil Practice and Remedies Code § 74.251(a). The Court disagrees. The Texas statute of limitations for medical malpractice claims is two years. TEX. CIV. PRAC. & REM. CODE § 74.251(a). Although Plaintiff proposed to add the state law claim to this case on November 23, 2005—more than two years after Billops' death on April 30, 2003—Plaintiff filed this suit on February 17, 2005. Plaintiff thus filed the suit within the medical malpractice limitations period. *See id.* Because Plaintiff's state law claim for medical malpractice arises out of the

---

[7] Furthermore, in a different context, Plaintiff admits that the "[a]ll the facts and evidence in this case . . . apply equally to all of the [constitutional and state law] claims asserted, and thus there are no facts or evidence which are applicable solely to Plaintiff's state law claims." Plaintiff's Brief in Support of Motion for Leave, ¶¶ 6–7.

identical events and occurrence set forth in the original complaint, Rule 15(c)(2) permits Plaintiff to supplement his original complaint with the state law claim.  Rule 15(c)(2) provides that a cause of action relates back to the date of the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings."[8]  Plaintiff focuses on Defendants' alleged substandard care and treatment of Billops while incarcerated.  Having satisfied the conditions set forth in Federal Rule 15(c)(2), the Court concludes Plaintiff's medical malpractice claim is not time-barred.[9]

Because the amendment adds an important claim, this factor weighs in favor of Plaintiff.

***Potential Prejudice***.— There is no legally cognizable prejudice to Defendants in allowing this amendment.  Although discovery is underway, Defendants point to no

---

[8]  Defendants do not dispute that Plaintiff's proposed medical malpractice claims arise from the same set of facts as his originally pleaded constitutional claim.

[9]  Defendants cite to Texas Civil Practices and Remedies Code § 16.068 which provides that "[i]f a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment . . . that changes the facts or grounds of liability is not subject to a plea of limitation unless the amendment . . . is wholly based on a new, distinct, or different transaction or occurrence."  To the extent it applies, which is debatable, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), amendment to add the medical malpractice claims is permitted under that state procedural rule.  *See, e.g., Cram Roofing Co. v. Parker*, 131 S.W.3d 84 (Tex. App.—San Antonio 2003, no pet.) (en banc) (holding that a new cause of action in an amended petition is not barred by the statute of limitations unless it arises from a wholly different transaction from the timely-filed cause of action in the original pleading (citing TEX. CIV. PRAC. & REM. CODE § 16.068 )); *Dillard's Dept. Stores, Inc. v. Strom*, 869 S.W.2d 654, 658 (Tex. App.—El Paso 1994, writ dism'd by agr.) (same).

deposition or other discovery that needs to be reopened or repeated.[10]  Plaintiff's state law claim arises out of the same factual nucleus as his constitutional claim—Defendants' care and treatment of Billops.  In any event, discovery is ongoing.  No parties have filed motions for summary judgment.  Plaintiff represents, and Defendant does not contest, that the parties have not deposed the designated experts.  This case has been on file less than a year and is not scheduled for docket call or trial for at least five months. This factor weighs in favor of granting leave to amend.

***Availability of a Continuance***.— In light of the relatively short time this case has been pending, the Court will grant a continuance of various deadlines as a result of Plaintiff's amendment.  This factor weighs in favor of granting leave to amend.

***Conclusion on Leave to Amend***.— Balancing all of the Rule 16(b) factors and because the injury resulting in Billows' death is so serious, it is in the interest of justice for the Court to exercise its broad discretion to grant Plaintiff leave to amend to file the Third Amended Complaint.  Three of the four factors decidedly weigh in favor of Plaintiff and against Defendants.  Plaintiff has shown sufficient good cause for the Court to grant his motion for leave to amend under both Federal Rule 16(b) and 15(a).

Plaintiff must file the Third Amended Complaint within five (5) business days of entry of this Memorandum and Order.  No further amendments will be allowed.

---

[10] Defendants have represented that "[n]ot a single piece of paper or other evidence was exchanged" between the parties from the time the deadline expired and the time Plaintiff filed his Motion for Leave.  Defendant's Supplemental Response to Motion for Leave, ¶ 7.

### III. MEDICAL MALPRACTICE CLAIM ABATEMENT AND EXPERT WITNESS DEADLINES

When filing a medical malpractice claim under Texas law, a plaintiff must give written notice to each healthcare provider against whom the claim is being made at least sixty days before the filing of a suit. *See* TEX. CIV. PRAC. & REM. CODE § 74.051(a). In the event a claimant fails to provide the requisite pre-suit notice, the court must abate the case for a period of sixty days. *See De Checa v. Diagnostic Center Hosp., Inc.*, 852 S.W.3d 935, 938–39 (Tex. 1993). The Court therefore will abate this case for a period of sixty days from entry of this Order.

Furthermore, the expert witness designation and report dates in the Court's Scheduling Order have passed. The Court must set new deadlines.

Despite the abatement, Defendants are entitled to know the bases of the medical malpractice claims against them as soon as possible, and Plaintiff has now had plenty of time to work with the retained expert. Therefore, Plaintiff must serve on Defendants his final expert designation(s) *and* report(s) on or before **March 10, 2006**. The reports must satisfy both Civil Practice & Remedies Code § 74.351 and Federal Rule of Civil Procedure 26(a)(2). Other scheduling deadlines are amended as set forth below.

### IV. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion for Leave will be granted. It is therefore

**ORDERED** Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. # 67] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Third Amended Complaint shall be **FILED** within five (5) business days of entry of this Memorandum and Order. It is further

**ORDERED** that this case shall be **ABATED** for sixty (60) days from the entry of this Memorandum and Order. It is further

**ORDERED** that Plaintiff must **SERVE** on Defendants his final expert witness designation(s) and report(s) on or before **March 10, 2006**. The reports must satisfy both Civil Practice & Remedies Code § 74.351 and Federal Rule of Civil Procedure 26(a)(2). It is further

**ORDERED** that the following case management deadlines are amended:

- Defendants' expert designation and report(s) deadline is reset to **April 17, 2006;**
- Deadline for completion of discovery is reset to **May 31, 2006**;
- The Dispositive and Non-Dispositive Motions deadlines are rest to **June 23, 2006**.
- Docket Call is reset to **September 22, 2006**, at **4:00 p.m.**

SIGNED at Houston, Texas, this **8th** day of **February 2006.**

_____
Nancy F. Atlas
United States District Judge